IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DENNIS O. WOODS and GOLDA J.                    3:12-CV-01052-BR
WOODS,

                                                OPINION AND ORDER
            Plaintiffs,

v.

US BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR HABORVIEW
MORTGAGE PASS THROUGH
CERTIFICATES, SERIES 2006-4
and ReconTrust COMPANY N.A.,

            Defendants.


JOHN P. BOWLES
JEFFREY A. MYERS
Bowles Fernandez Law, LLC
5200 S.W. Meadows Road
Suite 150
Lake Oswego, OR 97035
(503) 724-3149

            Attorneys for Plaintiffs

ROBERT E. MALONEY, JR.
PILAR C. FRENCH
KRISTEN L. TRANETZKI
Lane Powell, PC
601 S.W. Second Avenue
Suite 2100
Portland, OR 97204-3158
(503) 778-2105

            Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Request (#26) for Judicial Notice or Incorporation by Reference and Defendants' Motion (#24) to Dismiss.  For the reasons that follow, the Court **GRANTS** Defendants' Request for Judicial Notice and Defendants' Motion to Dismiss.

## BACKGROUND

The following facts are taken from Plaintiffs' Amended Complaint.

On February 24, 2006, Plaintiffs Dennis O. Woods and Golda J. Woods signed a Promissory Note with Homefield Financial, Inc.,[1] secured by property located at 19100 S.E. Highway 212, Clackamas, Oregon.  Plaintiffs also entered into a Trust Deed as to that property as borrowers, Fidelity National Title as Trustee, Homefield Financial as lender, and Mortgage Electronic Registration System (MERS)[2] "solely as nominee for Lender and Lender's successors and assigns" and as the beneficiary of the Note.  Am. Compl., Ex. 1 at 1.  The Trust Deed was recorded in Clackamas County, Oregon, on March 10, 2006.

Plaintiffs allege Homefield Financial sold the Note and

---

[1] Homefield Financial is not a party to this action.

[2] Fidelity National Title and MERS are not parties to this action.

assigned the Trust Deed to Greenwich Capital Financial Products, Inc., on April 1, 2006.

Plaintiffs allege Greenwich Capital Financial Products sold the Note and assigned the Trust Deed to Greenwich Capital Acceptance, Inc.,[3] on April 7, 2006.

Plaintiffs allege Greenwich Capital Acceptance sold the Note and assigned the Trust Deed to Defendant U.S. Bank National Association (USB) as Trustee for the Trust on April 28, 2006.

On September 30, 2010, an Assignment of Deed of Trust was executed in which MERS as beneficiary "grant[ed], [sold], assign[ed], transfer[red], and convey[ed] to" USB the Plaintiffs' Trust Deed.  On September 30, 2010, USB executed an Appointment of Successor Trustee in which it appointed Defendant ReconTrust Company, N.A., as successor Trustee of the Plaintiff's Trust Deed.

On October 5, 2010, both Assignments of Trust Deed were recorded in Clackamas County.

On May 23, 2011, USB executed an Assignment of Deed of Trust in which it "grant[ed], [sold], assign[ed], transfer[red], and convey[ed]" the Trust Deed to BAC Home Loans Servicing, LP.[4]

On May 25, 2011, the Assignment of Deed of Trust was

---

[3] Greenwich Capital Financial and Greenwich Capital Acceptance are not parties to this action.

[4] BAC Home Loans Servicing is not a party to this action.

recorded in Clackamas County.

On May 25, 2011, ReconTrust recorded in Clackamas County a Notice of Default and Election to Sell Plaintiff's property. ReconTrust alleged Plaintiffs had defaulted on their Note and initiated a nonjudicial foreclosure.

On September 21, 2011, ReconTrust recorded in Clackamas County a Trustee's Notice of Sale.

On February 14, 2012, ReconTrust sold Plaintiffs' property to USB, who took title to the property via a Trustee's Deed recorded in Clackamas County on February 24, 2012.

On June 12, 2012, Plaintiffs filed in this Court a Complaint for Declaratory Relief Invalidating Non-judicial Foreclosure for Failure to Comply with ORS 86.705 to ORS 86.795 and Permanent Injunctive Relief in which they sought a declaratory judgment setting aside, voiding, and invalidating the foreclosure; a permanent injunction enjoining Defendants from conducting a subsequent nonjudicial foreclosure without recording any assignments of the Trust Deed; and costs and attorneys' fees.

On July 2, 2013, Plaintiffs filed an Amended Complaint for Declaratory Relief Invalidating Non-judicial Foreclosure for Failure to Comply with ORS 86.705 to ORS 86.795 in which they withdrew their claim for permanent injunction and that portion of their claims based on Defendants' alleged failure to record all assignments of the Trust Deed.  Plaintiffs continue to seek a

4 - OPINION AND ORDER

declaratory judgment setting aside, voiding, and invalidating the

foreclosure on the sole ground that the Notice of Sale lists only

MERS as the beneficiary and "does not identify Defendant USB in

any way" in violation of Oregon Revised Statute § 86.745(1).  Am.

Compl. at ¶ 35.

On August 1, 2013, Defendants filed a Motion to Dismiss

Amended Complaint.  Also on August 1, 2013, Defendants filed a

Request for Judicial Notice or Incorporation by Reference.  The

Court took Defendants' Request and Motion under advisement on

August 23, 2013.

## DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Defendants request the Court to take judicial notice or to

incorporate by reference the documents attached to the

Declaration of Kristen L. Tranetzki in Support of Defendants'

Request.

### I.    Standards

Federal Rule of Evidence 201 allows the Court to take

judicial notice of facts that can be "accurately and readily

determined from sources whose accuracy cannot reasonably be

questioned."  Fed. R. Evid. 201(b)(2).  The Court may take

judicial notice of documents that are matters of public record.

*See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.

1986)(When determining whether a complaint fails to state a

5 - OPINION AND ORDER

claim, a district court may take "judicial notice of matters of public record outside the pleadings.").

## II.  Analysis

Defendants request the Court to take judicial notice of the following documents:

1.   The docket in Clackamas County Circuit Court Case No. FE120669, *Bank of Am. NA v. Woods*, accessed July 29, 2013;

2.   The July 25, 2013, order in *Chen v. Bank of Am., NA,* 3:12-CV-194-PA;

3.   The January 16, 2013, order in Multnomah County Circuit Court Case No. 1202-02429, *Offenbacher-Afolau v. ReconTrust;*

4.   The April 3, 2013, order in Marion County Circuit Court Case No. 12C22841, *In the Matter of Isidro Oropeza Juarez v. Bank of New York Mellon;*

5.   The July 10, 2012, order in Deschutes County Circuit Court Case No. 11CV0801, *Dietrich v. ReconTrust Co., NA;*

6.   The May 16, 2012, order in Jackson County Circuit Court Case No. 12-0005300E, *Deutsche Bank Nat'l Trust Co. v. Kruse;*

7.   The legislative history related to 1959

Oregon Senate Bill 117;

8.   The legislative history related to 1961

Oregon Senate Bill 397;

9.   The proposed second amended complaint in *Chen*

*v. Bank of Am., NA,* 3:12-CV-194-PA; and

10.  The July 11, 2013, order in *Bergquist v.*

*Deutsche Bank Nat'l Trust Co.,* 3:12-CV-

194-PA.

These documents are all matters of public record and
publicly available, and their accuracy is not reasonably subject
to debate.  In addition, numerous courts in this District have
taken judicial notice of these types of documents in actions
involving allegations of wrongful foreclosure.  *See, e.g.,*
*Meza-Lopez v. Deutsche Bank Nat'l Trust Co.,* No. 3:11-CV-
00891-HU, 2012 WL 1081454, at *3 (D. Or. Feb. 13, 2012);
*Robertson v. Wells Fargo Home Mortg.,* No. 10-CV-1110-BR, 2011 WL
5157772, at *2 (D. Or. Oct. 28, 2011).

Accordingly, the Court **GRANTS** Defendants' Request for
Judicial Notice and takes judicial notice of the documents
attached to Tranetzki's Declaration.

## DEFENDANTS' MOTION TO DISMISS

### I.   Standards

To survive a motion to dismiss, a complaint must

7 - OPINION AND ORDER

> contain sufficient factual matter, accepted as
> true, to "state a claim to relief that is
> plausible on its face."  [*Bell Atlantic v.
> Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955.  A
> claim has facial plausibility when the plaintiff
> pleads factual content that allows the court to
> draw the reasonable inference that the defendant
> is liable for the misconduct alleged.  *Id.* at 556.
> . . .   The plausibility standard is not akin to a
> "probability requirement," but it asks for more
> than a sheer possibility that a defendant has
> acted unlawfully.  *Ibid*.  Where a complaint pleads
> facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line
> between possibility and plausibility of
> 'entitlement to relief.'"  *Id*. at 557, 127 S. Ct.
> 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell*

*Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007).  The court must

accept as true the allegations in the complaint and construe them

in favor of the plaintiff.  *Intri-Plex Tech., Inc. v. Crest*

*Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).  "The court

need not accept as true, however, allegations that contradict

facts that may be judicially noticed by the court."  *Shwarz v.*

*United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citations

omitted).  The court's reliance on judicially-noticed documents

does not convert a motion to dismiss into a summary-judgment

motion.  *Intri-Plex*, 499 F.3d at 1052.

## II.  Discussion

As noted, Plaintiffs seek a declaratory judgment voiding and

setting aside the foreclosure of their property on the ground

that the May 25, 2011, Notice of Default and Election to Sell

listed only MERS as the beneficiary and did not identify USB as
beneficiary, and, therefore, the Notice of Default did not comply
with the requirements of Oregon Revised Statute § 86.745(1).

Defendants assert Plaintiffs' claim is barred by Oregon
Revised Statute § 86.770 because Plaintiffs do not and cannot
allege they did not receive the notice required under Oregon
Revised Statute § 86.740, the foreclosure sale was completed, and
the property was sold to a *bona fide* purchaser.

Oregon Revised Statute § 86.770(1) provides:

> If, under ORS 86.705 to 86.795, a trustee sells
> property covered by a trust deed, the trustee's
> sale forecloses and terminates the interest in the
> property that belongs to a person to which notice
> of the sale was given under ORS 86.740 and 86.750
> or to a person that claims an interest by, through
> or under the person to which notice was given.  A
> person whose interest the trustee's sale
> foreclosed and terminated may not redeem the
> property from the purchaser at the trustee's sale.
> A failure to give notice to a person entitled to
> notice does not affect the validity of the sale as
> to persons that were notified.

This Court, other courts in this district, and Oregon state
courts have held § 86.770 bars rescission of a foreclosure sale
when a borrower has received the notice required under § 86.740
and the property is sold to a *bona fide* purchaser.

For example, in *Mikityuk v. Northwest Trustee Services,
Inc.*, the court addressed whether plaintiffs who admitted they
were in default and had received notice of a trustee's sale could
challenge the validity of the sale after the trustee's sale was

9 - OPINION AND ORDER

conducted and the purchase of the property by a *bona fide*

purchaser was recorded.  No. 3:12-CV-1518-PA, 2013 WL 3388536, at

*3 (D. Or. June 26, 2013).  In *Mikityuk* the plaintiffs defaulted

on the promissory note and trust deed securing their property.

The defendants sold the plaintiffs' property to a *bona fide*

purchaser at a trustee sale after the defendants provided the

plaintiffs with notice of the sale.  The plaintiffs filed an

action to have the sale set aside after the sale was completed

and the transfer of the trust deed was recorded.  The defendants

moved to dismiss on the ground that "ORS 86.770(1) requires any

challenges to a non-judicial foreclosure . . . [to] be made

before the trustee's sale."  *Id*., at *3.  The court analyzed the

terms of § 86.770(1) and concluded the statute was "ambiguous as

to when a trustee's sale 'forecloses and terminates' another's

property interest."  *Id*., at *4.  The court also concluded the

statute was ambiguous as to "whether one whose interest was

foreclosed by the trustee's deed may raise post-sale challenges

to the proceedings."  *Id*.  After reviewing § 86.770 in the

context of the Oregon Trust Deed Act (OTDA) as a whole, the

legislative history, and Oregon cases involving the issue of

post-sale challenges to foreclosures, the court concluded

§ 86.770(1) bars challenges to the validity of a trustee's sale

after the sale is completed and the purchase of the property by a

*bona fide* purchaser is recorded.  *Id*., at *10.  The court noted

10 - OPINION AND ORDER

> [t]he legislature provided notice and
> reinstatement provisions to protect grantors
> against the threat of wrongful foreclosure.
> Voiding the sale here would encourage grantors who
> receive notice of a sale to sit on their rights,
> rather than compelling grantors to bring pre-sale
> challenges to a trustee's sale.  Grantors are wise
> to raise any challenges to non-judicial
> foreclosure proceedings, including challenges
> based on ORS 86.735, before the statutory
> presumption of finality contained in ORS 86.780.
> Post-sale challenges run the risk of being barred,
> as is the case here, because the grantors'
> interest in the property was "foreclosed and
> terminated" pursuant to ORS 86.770(1).

*Id.*, at *10.  The court, therefore, granted the defendants'

motion to dismiss.

In *Chen v. Bank of America, N.A.*, the plaintiff filed an

action to set aside a completed nonjudicial foreclosure sale on

the ground that, among other things, the Notice of Default and

Election to Sell was not signed or dated by a "notorial officer"

in violation of the provisions of the Oregon Trust Deed Act.

No. 3:12-CV-194-PA, 2013 WL 3929854, at *1 (D. Or. July 25,

2013).  The plaintiff admitted he received notice of the

defendants' intention to sell the plaintiff's property, that his

property had been sold, and that the transfer of the Trust Deed

had been recorded before he filed his action to set aside the

sale.  *Id.*  The court concluded:

> Like the plaintiffs in *Mikityuk*, plaintiff's
> challenges to the non-judicial foreclosure sale
> here are barred.  As plaintiff received advance
> notice of the sale, his interest in the property
> was "foreclosed and terminated."  ORS 86.770(1).
> Plaintiff's argument that notice here was

> ineffective because it was not signed and dated by a notorial officer is meritless.  The time to make such a challenge is long passed.  As discussed in *Mikityuk*, the notice provisions of the Oregon Trust Deed Act reflect the legislature's intent to provide those whose property interests could be affected by a trustee's sale sufficient time to act to protect those interests before the sale. 2013 WL 3388536 at *6 (citing *Staffordshire Investments, Inc. V. Cal-Western Reconveyance Corp.*, 209 Or. App. 528, 542 (2006); *NW Property Wholesalers, LLC v. Spitz*, 252 Or. App. 29, 34 (2012)).
>
> Although plaintiff here had sufficient time to raise any of the current challenges before the sale, he chose instead to raise such challenges after the trustee's sale and recording of the trustee's deed.  Plaintiff's challenges to the trustee's sale are barred, as plaintiff's interest in the property was foreclosed and terminated.

*Id.*, at *2 (quotation omitted).  The court also denied the plaintiff's request for leave to file an amended complaint to "align [his claims] with the recent Oregon Supreme Court opinions in *Brandrup v. ReconTrust Co.*, 353 Or. 668 (June 6, 2013) and *Niday v. GMAC Mortgage, LLC*, 353 Or. 648 (June 6, 2013)."  The court noted "[t]hose opinions concerned MERS and the [ODTA].  An amended complaint, however, would be futile.  *Brandrup* and *Niday* dealt with pre-sale challenges to non-judicial foreclosure sales. Neither case affects the outcome here, where plaintiff's claims are barred due to ORS 86.770(1)."  *Id.*

The Court adopts the reasoning of *Mikityuk*, *Chen*, and other decisions in this district and Oregon courts.  *See, e.g., Nelson v. Am. Home Mortg. Svc., Inc.*, No. 3:13-CV-00306-BR, 2013 WL

3834656, at *4 (D. Or. July 24, 2013); *Hart v. Pacific Trust
Bank,* No. 1:12-CV-705-PA*, 2013 WL 4829172, at *2 (D. Or. Sept. 9,
2013); *Offenbacher-Afolau v. ReconTrust*, Multnomah County Circuit
Court Case No. 1202-02429, at 2 ("[P]laintiff is statutorily
barred under ORS 86.770 from challenging a completed foreclosure
sale of which she had notice.  No amendment will cure this
jurisdiction defect, and, accordingly, the Court finds the
dismissal shall be with prejudice.").

Here Plaintiffs admit they received notice of the
foreclosure sale within the time required under the OTDA, that
the property was sold to a *bona fide* purchaser, and that the sale
of the property was recorded before Plaintiffs filed this action
seeking to set aside the sale.  The Court concludes on this
record that Plaintiff's claim is barred under § 86.770(1) and,
therefore, grants Defendants' Motion to Dismiss.

Based on the reasoning in *Chen*, the Court also concludes
Plaintiffs cannot amend their Amended Complaint to cure the bar
on their claim under § 86.770.  Accordingly, the Court dismisses
this matter with prejudice.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Request
(#26) for Judicial Notice or Incorporation by Reference, **GRANTS**
Defendants' Motion (#24) to Dismiss, and **DISMISSES** this matter

13 - OPINION AND ORDER

**with prejudice.**

       IT IS SO ORDERED.

       DATED this 10th day of October, 2013.


                         /s/ Anna J. Brown

                         _____
                         ANNA J. BROWN
                         United States District Judge

14 - OPINION AND ORDER